UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HUGUETTE NICOLE YOUNG,

    Plaintiff,

v.

XAVIER BECERRA,

    Defendant.

Case No. 3:20-cv-05628-JD

**ORDER RE DISMISSAL**

Pro se plaintiff Young sued the California Attorney General over a COVID-19 announcement by Governor Newsom in June 2020 stating that "Californians are now required to wear face coverings in public spaces." Dkt. No. 15 ¶ 1 (second amended complaint or SAC) (emphasis removed). The SAC does not state a specific claim, but alleges that the face mask guideline violates what Young understands to be a First Amendment right "to smile at others" and "communicate audibly, clearly, and expressively." *Id.* ¶ 2. Young seeks injunctive relief, and attorney's fees and costs. *Id.* at p. 33.

The case has hit several road bumps. The Court entered an order that required Young to obtain prior approval before filing motions after she filed several motions that were untenable on their face. *See* Dkt. No. 17. The Court also entered an order to show cause why the case should not be dismissed after Young did not respond to a motion to dismiss and was otherwise incommunicado. *See* Dkt. No. 21. Young eventually answered the OSC with a statement that she was homeless and living out of her car. Dkt. No. 22-1 at 2. The Court acknowledged this and dissolved the OSC.

As matters currently stand, defendant has asked to dismiss the SAC for lack of standing and on Eleventh Amendment grounds. Dkt. No. 18.[1] Young did not file a separate opposition to the motion, but made responsive comments in her OSC filing, which the Court accepted as an

---

[1] Strictly speaking, the motion was directed to a prior complaint, which was superseded when Young filed the SAC. *See* Dkt. No. 18 at 1 n.1. Defendant agrees the SAC is not materially different, and that the same arguments apply. *Id.* For the sake of clarity, the SAC is deemed to be the operative complaint.

opposition to the motion. Dkt. No. 23.

The case is dismissed without prejudice, and ordered closed. Young's pending motions are denied as moot. *See* Dkt. Nos. 9, 16. Defendant's request for judicial notice is denied as moot. Dkt. No. 18-1. Because the case is being closed, the Court will not amend the caption to reflect the change in the name of the California Attorney General.

The reasons for dismissal are straightforward. While a pro se complaint is liberally construed, *see Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003), enough facts must be alleged to plausibly demonstrate that the plaintiff has a cognizable claim and is a proper person to bring it. Young has not done that. To start, Young has not stated a good claim under the First Amendment. In a recent order by the Supreme Court in a case that involved a First Amendment challenge to a COVID-19 regulation in California for places of worship, the Chief Justice breathed renewed life into a decision from 1905 that upheld the authority of states to compel smallpox vaccinations. The "Constitution principally entrusts '[t]he safety and the health of the people' to the politically accountable officials of the States 'to guard and protect.'" *S. Bay United Pentecostal Church v. Newsom*, ___ U.S. ___, 140 S. Ct. 1613 (mem.) (2020) (Roberts, C.J., concurring) (quoting *Jacobson v. Massachusetts*, 197 U.S. 11, 38 (1905)). Consequently, when state officials "'undertake[ ] to act in areas fraught with medical and scientific uncertainties,' their latitude 'must be especially broad.'" *Id*. (quoting *Marshall v. United States*, 414 U.S. 417, 427 (1974)). In these circumstances, the "'unelected federal judiciary,' which lacks the background, competence, and expertise to assess public health and is not accountable to the people," should tread lightly, if at all. *Id*. at 1614 (quoting *Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, 545 (1985)).

These principles are particularly apt here because Young's claim is far from the core speech rights protected by the First Amendment. Free expression applies to the content of speech, not the mechanics of speaking clearly and being able to smile, as Young would have it. *See Texas v. Johnson*, 491 U.S. 397, 404 (1989). Nothing in the regulation she challenges indicates that it is a content-based restriction, or seeks to limit speech based on its viewpoint or the identity of the speaker. On its face, it is content neutral and imposes reasonable time, place and manner

requirements that are narrowly tailored to serve a significant government interest, namely controlling a pandemic with a high illness and death toll. *See United States v. Grace*, 461 U.S. 171, 177 (1983). Young has not alleged a plausible First Amendment claim, and her ability to do so in an amended complaint is extremely doubtful.

Dismissal is also warranted on the separate ground of lack of standing. Young has not alleged facts showing that she has suffered, or is likely to suffer, a concrete and particularized injury sufficient to establish Article III standing. *See Patel v. Facebook Inc.*, 290 F. Supp. 3d 948, 952 (N.D. Cal. 2018) (Article III standing elements). The SAC alleges that she is a citizen and resident of Oregon, Dkt. No. 15 ¶ 21, and so is not immediately subject to a California state face mask requirement. The SAC provides virtually no facts indicating that Young has been subjected to a California mask requirement as a non-resident. Almost all of the SAC is devoted to a highly general and polemical commentary on the CDC, COVID-19, and the efficacy *vel non* of masks, none of which is tied to Young or California in any concrete or particularized way. Young says she was asked to wear a mask at a Walmart in Northern California, *see id.* ¶ 20, but the SAC does not provide any facts about this event, such as when and where it happened, or what actually transpired.

Young also has not alleged facts plausibly demonstrating an imminent threat of irreparable harm from the face mask regulation, which goes to standing and to her request for injunctive relief. *See Cal. Physicians Serv., Inc. v. Healthplan Servs., Inc.*, No. 3:18-cv-03730-JD, 2021 WL 879797, at *3 (N.D. Cal. Mar. 9, 2021) (injunction elements). For the most part, the SAC affirmatively pleads that Young will not be in California anytime soon. It states that Young has stopped working as a truck driver, which might have involved travel to California, and is "eager to relocate anywhere opportunity takes her as long as there is no mask mandate," *id*. ¶ 21, which would appear to rule out California. In the opposition statement, Young mentioned a Christmas visit to family in California, but did not say that she encountered any face mask issues, and did not state any concrete plans for similar visits. *See* Dkt. No. 22-1 at 8.

At most, the SAC simply alludes to a theoretical possibility that Young might return to California at some future time. Such speculative "'some day' intentions -- without any description

3

of concrete plans, or indeed even any specification of *when* the some day will be -- do not support a finding of the 'actual or imminent' injury." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (plaintiff seeking injunction must show that she "has sustained or is immediately in danger of sustaining some direct injury" that is "both real and immediate, not conjectural or hypothetical." (internal quotation omitted)).  Even if the spotty allegations in the SAC about a prior incident or two were credited, past injury, without more, is not a basis for an injunction.  *See Lyons*, 461 at 103-04.

The remaining question is whether Young should be allowed to amend again.  The Court's discretion to deny amendment is particularly broad when a plaintiff has "had multiple opportunities to amend."  *Emami v. Nielsen*, 465 F. Supp. 3d 991, 999 (N.D. Cal. 2020).  Young has had prior opportunities to amend in this case, and appears to have brought more or less the same First Amendment claim in several different federal judicial districts, without success.  *See Young v. McClean*, No. 1:20-cv-00417-BLW, 2021 WL 329562, at *2 (D. Idaho Feb. 1, 2021) (listing cases).  She has had ample opportunity to air her grievance.  Consequently, the Court concludes that further amendment would serve no useful end, and is unlikely to be efficacious given what has been alleged so far.  The case is dismissed without prejudice, and ordered closed.  No further filings are permitted by either party without the Court's prior approval.

**IT IS SO ORDERED.**

Dated: April 7, 2021

JAMES DONATO
United States District Judge